# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-794V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MARY SAVILLE, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: July 31, 2024 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Renée J. Gentry*, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On January 25, 2021, Mary Saville filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged she suffered cellulitis following receipt of the quadrivalent influenza and pneumococcal vaccines on November 5, 2018. Petition (ECF No. 1) at 3. Based on the record and the parties' written submissions, I ruled for Petitioner on entitlement. *See* Ruling on Entitlement, dated Aug. 28, 2023 (ECF No. 39). A damages judgment issued thereafter. ECF No. 51.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 12, 2024 (ECF No. 54) ("Mot."). Petitioner requests a total of $51,629.42, reflecting $34,241.60 in fees incurred for the services of attorney Renee Gentry and colleagues, and

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

$17,387.82 in costs. Mot. at 1. Respondent reacted to the final fees request on July 18, 2024. *See* Response, dated July 18, 2024 (ECF No. 55) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$51,629.42**.

I.      **Calculation of Fees**

Because Petitioner prevailed in this matter, she is entitled to an award of fees. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|
| **Renée J. Gentry (Attorney)** | -- | $464.00 | $489.00 | $504.00 | $531.00 | $561.00 |
| **Student-Attorneys** | $150.00 | $150.00 | $150.00 | $150.00 | $175.00 | $175.00 |

ECF No. 54-1 at 8–26.

Ms. Gentry practices in Washington, DC— a jurisdiction that is, by definition, "in forum." There, she also manages the Vaccine Injury Clinic at George Washington University Law School, and in some cases (like this one) receives the assistance of student attorneys. She and the clinic are

entitled to the forum rates established in *McCulloch*. *See Kelly v. Sec'y of Health & Hum. Servs.*, No. 16-878V, 2022 WL 3594383 (Fed. Cl. Spec. Mstr. July 27, 2022). The rates requested (including newly-requested 2024 rates specific to Ms. Gentry) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *White v. Sec'y of Health & Hum. Servs.*, No. 21-0471V, slip op. at 2 (Fed. Cl. Spec. Mstr. July 8, 2024). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $17,387.82 in outstanding costs, including the filing fee, medical record retrieval costs, and costs associated with the work of one expert, Christine A. DeWitt, M.D. ECF No. 54-1 at 27. Dr. DeWitt authored one written report in this case, and submitted an invoice reflecting a total of $16,750.00 (33.5 hours of work at an hourly rate of $500.00). *Id.* at 34. This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$51,629.42**, reflecting $34,241.60 in attorney's fees and $17,387.82 in costs in the form of a check made jointly payable to Petitioner and The George Washington University Law School Vaccine Injury Litigation Clinic.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited July 31, 2024).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.